IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RICKY RAKES,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00226 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUPERINTENDANT GOODE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Ricky Rakes, Pro Se Petitioner.*

Petitioner Ricky Rakes, a Virginia inmate proceeding pro se, has filed a petition that he styles as arising under 28 U.S.C. § 2241. He alleges that he has not received appropriate credit against his Virginia sentence for jail time served before sentencing. I hereby construe his submission as a petition under 28 U.S.C. § 2254. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 for purposes of § 2244(b), even if they challenge the execution of a state sentence.") (internal quotation marks and citation omitted). Upon review of Rakes' petition, I conclude that it must be summarily dismissed without prejudice for failure to exhaust available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Ultimately, exhaustion requires the petitioner to present his claims to the highest state court with jurisdiction to consider them and receive a ruling. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a § 2254 petitioner still has available state court proceedings in which he can litigate his habeas claims, a federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

For claims regarding calculation of jail credit such as Rakes alleges, he may file a petition for a writ of habeas corpus in the circuit court where he was sentenced, and if relief is denied, he may then file a habeas appeal to the Supreme Court of Virginia. *See* Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). In the alternative, he may file his initial state habeas corpus petition directly in the Supreme Court of Virginia, instead of in the circuit court. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court habeas remedies, a petitioner must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254 or grant relief.

On the face of Rakes' § 2254 petition, he states that he has not filed a habeas corpus petition in any state court concerning his present jail credit claims. Court

records available online also do not indicate that he has filed a habeas petition in any state court. Because state court habeas corpus remedies remain available to him, he has not yet fulfilled the exhaustion requirement in 28 U.S.C. § 2254(b). For this reason, I must dismiss his § 2254 petition without prejudice to allow him to exhaust state court remedies.[1]

      A separate Final Order will be entered herewith.

DATED: April 22, 2020

/s/  James P. Jones
United States District Judge

---

[1] Rakes is advised that the time to file a state court habeas petition is limited under state law. Va. Code Ann. § 8.01-654(A)(2). If he is dissatisfied with the outcome after he has exhausted available state court remedies by receiving a ruling from the Supreme Court of Virginia, he may file another federal petition.